UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JEFFERY SANCHEZ SMITH | DOCKET NO. 2:24-cv-00644<br>SECTION P |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| KEITH COOLEY | MAGISTRATE JUDGE LEBLANC |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 8] filed pursuant to 42 U.S.C. § 1983 by plaintiff Jeffery Sanchez Smith ("Smith"), who is proceeding *pro se* and *in forma pauperis* in this matter. Smith is a prisoner in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

I.    BACKGROUND

Plaintiff brings the instant civil rights suit against the Allen Correctional Center Warden Keith Cooley complaining that on November 16, 2023, he and 45 other inmates were called out for an offender reclass, job change, at which time he was told he would be a "tier walker," to assist in preventing suicidal behavior. Doc. 8, p. 3. He complains that the assignment of responsibility to "incompetent and untrained inmates" is beyond their physical capabilities. *Id*. at p. 5.

-1-

According to the response to his complaint from his Unit Head, plaintiff has been trained in the Tier Walker Program, as stated in the DOC regulations, and the Allen Correctional Center follows all departmental regulations.  Doc. 8, att. 1, p. 1.

## II.     LAW & ANALYSIS

### A.  Frivolity Review

Smith has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B.  Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Job Assignment

Plaintiff does not have a protected interest in his prison job assignment, as there is no clearly established constitutional right possessed by convicted prisoners to a particular job assignment. *See Bibbs v. Early*, 541 F.3d 267, 271 (5th Cir. 2008) ("where an inmate alleged that a defendant retaliated against him by removing him 'from his job as inmate counsel' and later transferred him to another prison unit, this was inadequate to support a claim of retaliation, as 'a prisoner has no constitutionally protected interest in a particular facility or a specific work assignment.'"); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (holding there is no constitutionally protected interest in a particular facility or a specific work assignment).

Furthermore, prisoners have no constitutionally protected liberty or property interests *per se* in their prison job assignments. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989). Prison officials can change an inmate's classification and job assignment for almost any reason or no reason at all, leaving the inmate with no claim. *Id*.; *see also, Mendoza v. Lynaugh*, 989 F.2d 191, 194 n.4 (5th Cir. 1993). The Constitution does not create a property or liberty interest in prison employment. *Broussard v. Hebert*, 56 F.3d 1385, *2 [published in full-text format at 1995 U.S. App. LEXIS 43369] (5th Cir. 1995). Plaintiff's job assignment claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that the pending Motion for Temporary Restraining Order (doc. 2) be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 18th day of November, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE